# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ORVELIN SANTANA-JAMES, | |
| Movant, | |
| v. | 1:15-cr-262-WSD-JSA |
| UNITED STATES OF AMERICA, | 1:17-cv-2595-WSD-JSA |
| Respondent. | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [44] ("Final R&R"), recommending denial of Movant Orvelin Santana-James's ("Movant") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [40] ("Motion to Vacate").

## I. BACKGROUND

Movant first entered the United States during the mid-1990s. (Pre-Sentence Investigation Report [24] at 5). He worked and lived in North Carolina before being arrested in 1997 for trafficking cocaine. (Id.). After pleading guilty to the drug trafficking offense, Movant was sentenced to serve 175 to 219 months in prison. (Id.). In January 2012, Movant was paroled and ordered removed from the United States. (Id.). In February 2015, Movant illegally returned to United States

and, after being arrested for a misdemeanor offense in DeKalb County, Georgia, the U.S. Bureau of Immigration and Customs Enforcement ("ICE") issued a detainer. (Id.). On April 17, 2015, Movant was again arrested by the DeKalb County Police Department and charged with Giving False Name, Address or Birthdate to a Law Enforcement Officer. (Id.). On May 5, 2015, Movant was transferred to ICE custody, who confirmed Movant was previously deported from the United States. (Id.).

On July 14, 2015, a federal grand jury sitting in the Northern District of Georgia returned an Indictment charging Movant with illegal reentry into the United States as an aggravated felon having been previously deported. (See generally [1]). On October 22, 2015, at his plea hearing, Movant admitted that he returned to the United States illegally in February 2015, and stated that he understood he was committing a crime by reentering the United States. (Id. at 6). Movant's guilty plea agreement included a Limited Waiver of Appeal, which stated:

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any postconviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court. Claims that Defendant's counsel rendered

2

constitutionally ineffective assistance are excepted from this waiver. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

([16.1] at 10-11.). In signing the Guilty Plea and Plea Agreement he entered into with the Government, Movant also signed the following Certification:

> I have read the Indictment against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

(Id. at 13).

The Court accepted Movant's guilty plea, and found that he was "voluntarily offering to plead guilty to the charge against him in the indictment fully understanding the charge and fully understanding the consequences of pleading guilty to it." (Id. at 47). The Court later sentenced Movant to 41 months'

3

imprisonment. ([20]). Neither party objected to the Court's Guidelines calculation. ([42] at 8).

On July 10, 2017, Movant filed his Motion to Vacate, asserting claims of ineffective assistance of counsel. Movant claims that his counsel was ineffective for "failing to negotiate a reasonable plea deal for an illegal re-entry offense . . . below Guidelines in exchange for [a] prompt and undisputed guilty plea." ([40] at 4-5). Movant also asserts that his counsel was ineffective for "failing to negotiate [a] plea agreement without [an] appeal waiver." (Id.).

On November 27, 2017, the Magistrate Judge issued the Final R&R recommending denial of the Motion to Vacate and denial of a certificate of appealability. The parties did not file objections.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 2255 Motion

Under 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate his sentence "upon the ground[s] that the sentence was imposed in violation of the Constitution or laws of the United States, [] that the court was without jurisdiction to impose such sentence, [] that the sentence was in excess of the maximum authorized by law, or [that the sentence] is otherwise subject to collateral attack." See 28 U.S.C. § 2255(a). Collateral relief, however, is limited. It is well-settled

4

that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). The movant bears the burden of persuasion, which "is supposed to be a heavy one." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994).

Matters decided on direct appeal cannot be re-litigated under § 2255, and matters that could have been raised on direct appeal, but were not, are generally foreclosed. Hidalgo v. United States, 138 F. App'x 290, 291 (11th Cir. June 29, 2005) (citing Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004). Thus, § 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn, 365 F.3d at 1232 (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988) (internal quotation marks omitted). A constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review to allow for adequate development and presentation of relevant facts. Massaro v. United States, 538 U.S. 500, 505-09 (2003). "An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255).

5

Claims for ineffective assistance of counsel—like those asserted by Movant here—are evaluated under the standards set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). The first part of the inquiry requires the court to determine whether counsel's performance fell "below an objective standard of reasonableness." Id. at 688. The court must then assess whether counsel's performance prejudiced the defendant. Id. In other words, the court must ask whether there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; see also Lynn v. United States, 365 F.3d 1225, 1235 n.21 (11th Cir. 2004) (noting that "cause and actual prejudice standard" for § 2255 motion "mirrors the standard used to evaluate collateral attacks on state convictions"); Reece v. United States, 119 F.3d 1462, 1467 (11th Cir. 1997) ("'[A]ctual prejudice' is 'not merely that the errors at [the defendant's] trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" (quoting Frady, 456 U.S. at 170)). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper

functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

B. Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). Where, as here, no party filed objections, the Court conducts a review for plain error.

### III. DISCUSSION

A. The Motion to Vacate

Movant claims that his counsel provided ineffective assistance by failing to negotiate a plea agreement with a below Guidelines recommended sentence and

7

which did not include an appeal waiver. ([40] at 4-5). Respondent, in turn, argues that Movant entered into a plea agreement with a recommended sentence on the low end of his Guidelines range, and that the District Court acknowledged the Government's recommendation was lenient and an "incredible deal." ([42] at 17). Respondent states that Movant cannot show prejudice because Movant would have been "worse off but for [] the plea agreement binding the [G]overnment to a low-end recommendation." (Id. at 19-20).

"A guilty plea is knowing and voluntary if the defendant entered the plea without coercion and with the understanding of the nature of the charges and the consequences of the plea." United States v. Speight, 454 F. App'x 785, 787 (11th Cir. 2011) (citing United States v. Brown, 586 F.3d 1342, 1346 (11th Cir. 2009)). Evidence that an accused entered his guilty plea knowingly and voluntarily includes "[s]olemn declarations in open court," which "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-75 (1977) ("the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings"); see also Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting Blackledge, 431 U.S. at 74) ("'The subsequent presentation of conclusory allegations unsupported by specifics is

which did not include an appeal waiver. ([40] at 4-5). Respondent, in turn, argues that Movant entered into a plea agreement with a recommended sentence on the low end of his Guidelines range, and that the District Court acknowledged the Government's recommendation was lenient and an "incredible deal." ([42] at 17). Respondent states that Movant cannot show prejudice because Movant would have been "worse off but for [] the plea agreement binding the [G]overnment to a low-end recommendation." (Id. at 19-20).

"A guilty plea is knowing and voluntary if the defendant entered the plea without coercion and with the understanding of the nature of the charges and the consequences of the plea." United States v. Speight, 454 F. App'x 785, 787 (11th Cir. 2011) (citing United States v. Brown, 586 F.3d 1342, 1346 (11th Cir. 2009)). Evidence that an accused entered his guilty plea knowingly and voluntarily includes "[s]olemn declarations in open court," which "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-75 (1977) ("the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings"); see also Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting Blackledge, 431 U.S. at 74) ("'The subsequent presentation of conclusory allegations unsupported by specifics is

subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.'").

The Magistrate Judge found that "Movant's sworn declarations during his guilty plea proceedings demonstrate his plea was knowing, voluntary, and uncoerced; that he was satisfied with his counsel's performance; and that his guilty plea is therefore valid and enforceable." ([44] at 9). The Magistrate Judge noted that "Movant has offered nothing to support his conclusory assertion that a competent attorney could 'quite easily' have negotiated a better plea deal on his behalf, despite the minimum Guidelines sentencing level of 41 months at the time of his sentencing." (Id.). The Magistrate Judge also found that "had Movant not entered into the plea agreement that his counsel negotiated, it is likely he would have received a greater sentence from this Court[,]" and "thus[,] [Movant] has also failed to establish a reasonable probability that he was prejudiced by counsel's performance." (Id.). The Court finds no plain error in the Magistrate Judge's findings or recommendation.

B.  Certificate of Appealability

Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A federal prisoner may not appeal the denial of his

§ 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted); see also Jones v. United States, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying Slack standard in a § 2255 case). It is not reasonably debatable that Movant's Motion to Vacate is required to be denied. A certificate of appealability is denied.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [44] ("Final R&R") is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant Orvelin Santana-James's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255

[40] is **DENIED** and this matter is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 21st day of June, 2018.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE